UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Quincy Kwasi Aboagy Sintim and | § | |
| Shirley Mills Sintim | § | CASE NO. 17-30896 |
| | § | CHAPTER 7 |
| DEBTORS | § | |
| _____ | | |
| | § | |
| BRIAN LARSON and MICHELE LARSON | § | ADV. NO. _____ |
| | § | |
| Plaintiffs | § | COMPLAINT FOR: |
| | § | |
| v. | § | NONDISCHARGEABILITY OF |
| | § | DEBT PURSUANT TO |
| QUINCY KWASI ABOAGY SINTIM AND | § | 11 U.S.C. § 523(a)(4) AND |
| SHIRLEY MILLS SINTIM | § | 11 U.S.C. § 523(a)(6) |
| | § | |
| Defendants. | § | |

**CREDITORS', BRIAN AND MICHELLE LARSON, COMPLAINT TO DETERMINE DEBTORS' DISCHARGEABILITY AND IN OBJECTION OF DISCHARGE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Brian Larson and Michele Larson, Creditors of Debtors Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim, pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6), and allege as follows:

## I. INTRODUCTION

1.      Debtor/Defendants Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim (the "Sintims") have engaged in a pattern of fraud and deceit that mandate dismissal of their bankruptcy petition without discharge, or, alternatively, require a finding that their debt to Creditor/Plaintiffs Brian Larson and Michele Larson (the "Larsons") be deemed nondischargeable.

2.      First, the Sintims' debt to the Larsons arises from a lawsuit in which the Court found that the Sintims committed fraud in a real estate transaction. Per 11 U.S.C. § 523(a)(2)(A), this finding renders the Sintims' debt to the Larsons nondischargeable.

3.      Second, the Sintims' conduct during the real estate transaction constituted "willful and malicious injury by the debtor to another entity," as evidenced by the Final Judgment entered against the Sintims in District Court. Per 11 U.S.C. § 523(a)(6), all or part of the debt owed by the Sintims to the Larsons is not dischargeable in bankruptcy, as it is a debt for willful and malicious injury.

## II. JURISDICTION AND VENUE

4.      This is an adversary proceeding in which the Larsons, as plaintiffs/creditors, seek a determination as to the dischargeability of the debt owed to them by the Sintims, as debtors, under 11 U.S.C. § 523(a)(4) and 523(a)(6). This action arises from the Sintims' Chapter 7 bankruptcy, pending before this Court as Case No. 17-30896.

5. This Court has jurisdiction over this adversary action pursuant to 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

6. Venue of this adversary proceeding is proper in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under the provisions of 28 U.S.C. § 1409. Debtors' Chapter 7 bankruptcy is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

### III. PARTIES

7. The Larsons are judgment creditors of the Sintims.

8. Debtor/Defendant Quincy Kwasi Aboagy Sintim is an individual who at all times relevant herein has been a resident of Harris County, Texas. He may be served with Summons and a copy of this complaint at his residence, located at 16707 Southern Oaks Drive, Houston, Texas 77068, or wherever he may be found.

9. Debtor/Defendant Shirley Mills Sintim is an individual who at all times relevant herein has been a resident of Harris County, Texas. She may be served with Summons and a copy of this complaint at her residence, located at 16707 Southern Oaks Drive, Houston, Texas 77068, or wherever she may be found.

### IV. GENERAL AVERMENTS

10. The Sintims' debt to the Larsons arises from a December 20, 2002, Final Judgment on a fraud claim related to the sale of real property located at 5539 Woodland Glade, Houston, Harris County, Texas 77006 (the "Woodland Glade Property"). The originating case is styled: *Larson, et al. v. Sintim, et al.*; Case No. 2002-40624A; in the 152nd Judicial District of Harris County, Texas.

11. The Larsons entered into a contract with the Sintims to purchase the Woodland Glade

Property in the summer of 2001. Prior to entering the contract, the Larsons reviewed Seller's Disclosure Notice, as prepared by the Sintims (the "Disclosures"), and through which the Sintims made the following representations: (a) the home's interior walls were free of defects or malfunctions; (b) the roof was free of defects or malfunctions; (c) the roof was free of water penetration and was not in need of any structural repair.

12. The Larsons closed the purchase of the Woodland Glade Property on September 14, 2002, and shortly thereafter discovered that toxic molds ("Black Mold") infested the interior walls, including the insulation and sheetrock. Subsequent investigation revealed that the Black Mold developed from water damage due to roof damage and leaks.

13. All of these conditions were in existence prior to the sale of the Woodland Glade Property, and the Sintims had actual knowledge of the same. However, the Sintims never revealed these conditions to the Larsons, and intentionally hid any signs of the Black Mold or roof damage in an effort to induce the Larsons to purchase the property.

14. The Sintims knowingly made false, misleading statements that the Woodland Glade Property was of a particular quality when, in fact, it was not. Specifically, the Sintims represented that the home was fit for habitation and free from defects, including roof and water damage. The Sintims' representations were material, and the Larsons would not have agreed to purchase the Woodland Glade Property had they known about the falsity of such representations.

15. The Larsons justifiably relied on the Sintims' fraudulent representations, as set forth in the Disclosures, and entered into a contract for the purchase of the Woodland Glade Property. As a result of their reliance on the Sintims' representations, the Larsons suffered substantial injuries and damages, including: repairs and remediation, loss of appreciation, loss of market value, stigma and

loss of ability to sell, lost equity, damage to credit, mental anguish, personal injury, court costs, and attorney's fees. The Larsons also requested exemplary damages due to the Sintims' false and misleading statements in violation of the Deceptive Trade Practices Act ("DTPA").

16.     A Final Judgment has already determined these issues. Per the Final Judgment, The Court found that the Sintims made "false and material" representations to the Larsons regarding the condition of the Woodland Glade Property and "that the representations were made knowingly to induce [the Larsons] to purchase the home." A true and correct copy of the Final Judgment is attached hereto as **Exhibit A**.

17.     In the Final Judgment, the Larsons were awarded $109,173.21 in actual damages, $218,346.42 in punitive damages, prejudgment and post-judgment interest at the rate of 10% per annum until paid, and $131,007.86 in reasonable attorney's fees. *See* Exhibit A. To date, this judgment remains unsatisfied. The value of the judgment as of February 9, 2017 (the date on which the Sintims filed for bankruptcy), totals $1,904,819.89.

18.     On October 27, 2003, the Larsons filed an Abstract of Judgment in Harris County, Texas, for the amounts contained in the Final Judgment. A true and correct copy of the 2003 Abstract of Judgment is attached hereto as **Exhibit B**. Subsequently, the Sintims filed a motion to set aside the judgment or, alternatively, for new trial. The Court did not rule on the motion, and it was overruled by operation of law.

19.     On or around April 28, 2011, the Sintims purchased real property located at 16707 Southern Oaks Drive, Houston, Harris County, Texas 77068 (the "Southern Oaks Property"). However, this was not designated as the Sintims' homestead in the Harris County real property records. At the time they purchased the Southern Oaks Property, real property located at 5203

Norborne Lane, Houston, Harris County, Texas 77069 (the "Norborne Lane Property") was designated as the Sintims' homestead.

20. On November 29, 2012, the Larsons secured the issuance of a writ of execution on the Final Judgment and attempted to conduct post-judgment discovery. In response, the Sintims filed a Motion to Quash the discovery and alleged that: the Larsons' writ of execution was defective; the 2002 Final Judgment was dormant; and the trial court no longer had jurisdiction over the dispute. On October 9, 2014, the Court denied the Sintims' Motion to Quash; and on October 15, 2014, the Court ordered the Sintims to respond to discovery requests and to pay $3,500 in sanctions.

21. On October 30, 2014, the Sintims filed a Notice of Appeal challenging the Court's October 9 and October 15, 2014, Orders. The Appeal is styled: *Sintim, et al. v. Larson, et al.*; No. 14-14-00896-CV; Texas 14th Court of Appeals. On May 19, 2016, the Court of Appeals entered a Judgment that dismissed the Sintims' claims challenging the validity of the Final Judgment and post-judgment orders. It also affirmed the trial court's award of sanctions. A true and correct copy of the Judgment is attached hereto as **Exhibit C**.

22. During the pendency of the appeal, on May 23, 2014, the Larsons filed a second Abstract of Judgment for the amounts contained in the Final Judgment. A true and correct copy of the 2014 Abstract of Judgment is attached hereto as **Exhibit D**. Presumably in response to the new Abstract of Judgment, the Sintims and related entities initiated a series of transfers with respect to the Southern Oaks Property.

23. On July 2, 2014, the Sintims conveyed the Southern Oaks Property to QSS Interests, LLC. On November 3, 2015, QSS Interests, LLC conveyed the Southern Oaks Property back to the Sintims– who then immediately conveyed it to the Qunicy K-A Sintim and Shirley Mills Sintim

Revocable Living Trust UTA 7/2/14 (the "Trust"). At some unknown time after the Southern Oaks Property was conveyed to the Trust, it was designated as the Sintims' homestead.

24. On October 6, 2016, the Larsons filed an Application for Turnover Relief and Request for Appointment of Receiver with respect to the Southern Oaks Property. On November 1, 2016, the Court granted the Larsons' Application; appointed Samuel B. Collins as Receiver; and authorized Mr. Collins to take possession of the Southern Oaks Property and take all necessary steps to sell it. A true and correct copy of the Order is attached hereto as **Exhibit E**.

25. In the Order, the Court also made the following conclusions of law:

"a) 'When an abstract of judgment is recorded and indexed it constitutes a lien and attaches to any real property owned by the defendant that is not exempt.' *Hankins v. Harris*, 2016 WL 4032639 (Tex. App., Hou [1st District] July 26, 2016).

b) When Sintim purchased the Southern Oaks Drive property, it was not designated as Sintim's homestead.

c) When Sintim purchase[d] the Southern Oaks Drive property it was not exempt.

d) When Sintim purchase[d] the Southern Oaks Drive property the abstract of judgment filed in this matter constituted a lien and attached to the Southern Oaks Drive property.

e) Larson property filed and recorded a judgment lien on the Southern Oaks Drive property.

f) The Larsons' judgment lien attached to the Southern Oaks Drive property before [the Sintims] designated the Southern Oaks Drive property as his homestead.

g) The Southern Oaks Drive property may be used to satisfy the Larsons' judgment lien as the Southern Oaks Drive property is not exempt from attachment, execution, seizure or receivership."

*See* Exhibit E.

26. On February 9, 2017, the Sintims voluntarily filed for Chapter 7 Bankruptcy, and filed a Suggestion of Bankruptcy in District Court. Throughout their bankruptcy filings, the Sintims knowingly and intentionally provided false information to this Court, the Trustee, and their Creditors as follows:

a) As part of their Schedule A/B, the Sintims claim that they do not own a legal or equitable interest in any Trusts or equitable or future interests in property. The Sintims also claim that "within 10 years before [they] filed for bankruptcy, [they did not] transfer any property to a self-settled trust or similar device of which [they] are a beneficiary." These statements are clearly false, as exemplified by the Sintims' November 3, 2015, transfer of real property, located at 16707 Southern Oaks Drive, Houston, Texas, to the Qunicy K-A Sintim and Shirley Mills Sintim Revocable Living Trust UTA 7/2/14.

b) As part of their Schedule C, the Sintims claim that the Southern Oaks Drive property, held by the Qunicy K-A Sintim and Shirley Mills Sintim Revocable Living Trust UTA 7/2/14, is their homestead. However, this claim completely disregards the District Court's November 1, 2016, Order stating that such property was not the Sintims' homestead at the time they purchased it, and is "not exempt from attachment, execution, seizure or receivership."

c) In their Schedule D, the Sintims fail to properly identify the Larsons as creditors with claims secured by property. Instead, as part of their Schedule E/F, the Larsons are characterized as nonpriority, unsecured creditors. This blatant and intentional mischaracterization directly contradicts the District Court's November 1, 2016, Order stating that the Larson's abstract of judgment "constituted a lien and attached to the Southern Oaks Drive property," and that the judgment lien attached "before [the Sintims] designated the Southern Oaks Drive property as [their] homestead."

27. The Sintims' conduct throughout their dealings with the Larsons, including filing for Chapter 7 bankruptcy, is part of a continuous pattern of behavior to enrich themselves and to avoid paying their outstanding debts to the Larsons and other creditors.

## V. OBJECTIONS TO DISCHARGEABILITY

28. The Sintims are indebted to the Larsons as fully detailed above herein, and the debt is not dischargeable in bankruptcy per the provisions of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

### A. FIRST CLAIM FOR RELIEF

**(For a Determination That the Sintims' Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A))**

29. The Larsons incorporate by reference the allegations contained in paragraphs 1-28 above as though fully set forth herein.

30. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

   (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–

   (A) false pretenses, a false representation or actual fraud...

31. The Sintims' debt to the Larsons arises from a Final Judgment wherein the District Court found that the Sintims' conduct at the time they entered into an agreement with the Larsons for the sale of real property (the Woodland Glade Property) constituted fraud and false representations. *See* Ex. A at P. 2. The Larsons had justifiable reliance on the Sintims' representations with respect to this real estate transaction.

32. A Final Judgment has already determined these issues. The Final Judgment states:

"[The Sintims'] representations were false and material. [The Larsons] relied on these representations to their injury and damage and that the representations were made knowingly to induce [the Larsons] to purchase the home." *Id.*

33.     The validity of the Final Judgment was upheld on appeal. *See* Ex. C. The Sintims are estopped from any and all methods of reversing the Final Judgment, and filed this bankruptcy as a last-ditch effort to avoid paying the Larsons.

34.     All or part of the debt owed to the Larsons, as evidence by the Final Judgment entered against the Sintims, is non-dischargeable as it is a debt for "money, property, [or] services...that was obtained by false pretenses, a false representation or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A). As such, the Sintims' fraudulent conduct precludes dischargeability of their outstanding debt to the Larsons.

### B. SECOND CLAIM FOR RELIEF

**(For a Determination That the Sintims' Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))**

35.     The Larsons incorporate by reference the allegations contained in paragraphs 1-34 above as though fully set forth herein.

36.     Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

(a)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–
...

(6)     or willful and malicious injury by the debtor to another entity or to the property of another entity.

37.     The Sintims' debt to the Larsons arises from a real estate transaction, wherein the

Sintims engaged in the following willful and malicious acts, among others:

    a)    The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property was in good condition and fit for habitation;

    b)    The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property did not have any known defects or malfunctions of the interior walls or roof;

    c)    The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property did not have any water penetration; and

    d)    The Sintims intentionally made false representations to the Larsons that they were not aware of any item, equipment, or system at the Woodland Glade Property that was in need of repair.

38.    In committing the acts described above herein, the Sintims acted willfully, maliciously, and with deliberate intent to deceive the Larsons and induce them to purchase the Woodland Glade Property. A Final Judgment already determined that the Larsons suffered damages as a direct and proximate result of the Sintims' fraud and defalcation, and subsequently awarded the Larsons $109,173.21 in actual damages, $218,346.42 in punitive damages, prejudgment and post-judgment interest at the rate of 10% per annum until paid, and $131,007.86 in reasonable attorney's fees. *See* Exhibit A at P. 2; *see also* Ex. B. This debt remains unpaid, and has continued to increase annually to a balance of $1,904,819.89, as of February 9, 2017.

39.    All or part of the debt owed to the Larsons, as evidence by the Final Judgment entered against the Sintims, is non-dischargeable as it is a debt for "willful and malicious injury" caused by the Sintims within the meaning of 11 U.S.C. § 523(a)(6). As such, the Sintims' fraudulent conduct, resulting in willful and malicious injury to the Larsons, precludes dischargeability of their outstanding debt to the Larsons.

## **PRAYER**

WHEREFORE, Brian Larson and Michele Larson pray for the entry of judgment against the Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim as follows:

1.	That the Court determine that the Sintims' debts to the Larsons be ruled nondischargeable as a result of their fraudulent activities and misrepresentations involving the sale of real property, as embodied by the District Court's December 20, 2002, Final Judgment, and by virtue of the provisions of 11 U.S.C. § 523(a)(2)(A);

2.	That the Court determine that the Sintims' debts to the Larsons be ruled nondischargeable, as a result of their willful and malicious injury to the Larsons in a sales transaction, and by virtue of the provisions of 11 U.S.C. § 523(a)(6);

3.	For an award of attorneys' fees as allowable by the law in an amount the Court determines to be reasonable;

4.	For costs of suit herein incurred; and

5.	For such other and further relief as this Court deems just and proper.

DATED: May 8, 2017

Respectfully submitted,

SHOWALTER LAW FIRM

By: /s/ David W. Showalter
David W. Showalter
TBA# 18306500
SD ID 5703

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 762-6872 (FAX)
mail@showalterlaw.com

ATTORNEY FOR
CREDITORS/PLAINTIFFS
BRIAN AND MICHELE LARSON