UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Quincy Kwasi Aboagy Sintim and | § | |
| Shirley Mills Sintim | § | CASE NO. 17-30896 |
| | § | CHAPTER 7 |
| DEBTORS | § | |

**CREDITORS', BRIAN AND MICHELE LARSON, OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS**

**TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:**

---

**RULE 9013 NOTICE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRATED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

---

COME NOW Brian Larson and Michele Larson (hereinafter, collectively the "Larsons"), Creditors of Debtors Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim (hereinafter, collectively the "Sintims"), and pursuant to Fed. R. Bankr. 4003(b), hereby file their Objections to Debtors' Claimed Exemptions. In support hereof, the Larsons respectfully show as follows:

1. The Sintims filed for bankruptcy protection under Chapter 7 on February 9, 2017. The case is pending as *In re Sintim*, Case No. 17-30896, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. The initial creditors' meeting pursuant to 11 U.S.C. § 341 took place on April 4, 2017. It was continued until June 20, 2017, on which date it was held and concluded.

3. Federal Bankruptcy Rule 4003(b)(1) provides that objections to exemptions must be filed within 30 days following the conclusion of the section 341 meeting or the filing of amended exemptions.

4. This Objection is timely filed.

5. The Sintims listed or scheduled the following items as exempt: a) real property located at 16707 Southern Oaks Drive, Houston, Texas 77068; b) a 2008 Porsche Cayenne; c) a 2009 Mercedes-Benz G55 AMG Sport Utility; and d) a 2008 Maserati Grand Turismo (Doc. No. 19; Schedule C).

6. The Larsons object to the Sintims' above-identified claimed exemptions, as follows:

### REAL PROPERTY

7. The Larsons object to the Sintims' proposed exemption of real property, located at 16707 Southern Oaks Drive, Houston, Harris County, Texas 77068, and legally described as Lot Nine, Block Two, Estates of Northgate Forest (hereinafter the "Southern Oaks Property").

8. The basis the Sintims cite for exemption is Const. Art. 16 §§ 50 and 51 and Texas Prop. Code §§ 41.001 and 41.002.

9. However, the Southern Oaks Property does not qualify for the Sintims' claimed homestead exemption, and is not exempt from attachment or execution in satisfaction of the Larsons'

judicial lien, pursuant to 11 USC § 522f(1)(A).

10. On October 29, 2003, the Larsons filed an Abstract of Judgment against the Sintims in Harris County, Texas. The Abstract of Judgment was related to a December 20, 2002, Final Judgment entered in the Larsons' favor for claims of fraud alleged against the Sintims.

11. An Abstract of Judgment constitutes a judicial lien "on real property of the defendant" located in the county in which the abstract was recorded and indexed. *See* Tex. Prop. Code § 52.001; *see also* 11 USC § 522f(1)(A). The judicial lien attaches to property owned by the judgment debtor at the time of the filing. *In re Harman*, 243 B.R. 671, 674 (N.D. Tex. 1999).

12. The Larsons' judicial lien attached to the Southern Oaks Property on April 28, 2011– the day the Sintims purchased it. This is consistent with the State District Court's November 1, 2016, Order, which states, "when Sintim purchase[d] the Southern Oaks Drive property the abstract of judgment filed [by the Larsons] constituted a lien and attached to the Southern Oaks Drive property." This Order was entered after the parties conducted a hearing on this issue.

13. The State District Court further found that "The Larson's lien attached to the Southern Oaks Property **before** Sintim designated the Southern Oaks Drive property as his homestead."

14. At the time the Sintims purchased the Southern Oaks Property, they maintained their homestead on separate property located at 5203 Norborne Lane, Houston, Harris County, Texas 77069 (hereinafter the "Norborne Property"). The Sintims reaffirmed their homestead rights on the Norborne Property in 2012 and 2013 by claiming and identifying the Norborne Property as their residential homestead.

15. A family is not entitled to multiple homesteads at the same time. See *Tex. Const., art. XVI, § 51*. The Sintims could not maintain homestead protection on both the Southern Oaks Property

and the Norborne Property at the time the Larsons filed their Abstract of Judgment.

16. A judicial lien on real property cannot be defeated by a subsequently acquired homestead right. *See Gage v. Neblett*, 57 Tex. 374, 378 (1882) ("...it [is] beyond question that, as a general rule, a previously acquired lien...cannot be subsequently defeated by the voluntary act of the debtor in attempting to make it his homestead"); *see also Wright v. Straub*, 64 Tex. 64, 66 (1885) ("...it seems to be settled that a judgment lien takes precedence of a subsequently acquired homestead right."); *see also Inwood v. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987) ("Thus, we reaffirm that when the property has not become a homestead at the execution of the mortgage, deed of trust or other lien, the homestead protections have no application even if the property later becomes a homestead.").

17. The Larsons' judicial lien is enforceable on the Southern Oaks Property because it pre-exists the Sintims' attempts to designate the property as their homestead. This is supported by the case law cited herein, as well as the State District Court's November 1, 2016, Order.

18. The Larsons' objection to the Sintims' claimed exemption in and to the Southern Oaks Property should be sustained. The Sintims' claim of exemption in the Southern Oaks Property should be denied, as that property is subject to a pre-existing judicial lien, per 11 U.S.C. § 522(f)(1)(A), and is not afforded homestead protection.

**INTEREST ACCRUED IN REAL PROPERTY**

19. In addition, the Sintims' claimed exemption on the Southern Oaks Property, for the amount of $1,375,482 should be disallowed, pursuant to 11 U.S.C. § 522(p)(1)(a).

20. The Sintims purchased the Southern Oaks Property on April 28, 2011. On July 2, 2014, they transferred it to a family-held limited liability company, called QSS Interests LLC. On

or around November 3, 2015, QSS Interests LLC transferred it back to the Sintims in their individual capacities. *See* Ex. A, a true and correct copy of which is attached hereto. Finally, on April 11, 2015, the Sintims transferred it to the Quincy K.A. Sintim and Shirley Mills Sintim Revocable Living Trust.

21. Because the Sintims acquired the Southern Oaks Property from QSS Interests LLC within 1,215 days from the date on which they filed for bankruptcy, they may not exempt any amount of interest acquired with respect to the real property in of $125,000 per debtor. 11 U.S.C. §§ 522(o) and 522(p)(1)(a). This also means that their homestead exemption, assuming such exemption is allowed, must be capped at $250,000. *Id.*; *see also In re Leung*, 356 B.R. 317, 323 (Bankr. D. Mass. 2006).

22. The Larsons' objection to the Sintims' claimed exemption in and to any interest accrued on the Southern Oaks Property, or any homestead exemption exceeding $250,000, should be sustained. The Sintims' claim of exemption for the full value of the Southern Oaks Property should be denied, as that property was acquired from QSS Interests LLC within 1,215 days from the date the Sintims filed for bankruptcy.

## LUXURY AUTOMOBILES

23. The Larsons object to the Sintims' proposed exemption of three luxury automobiles identified as: a) a 2008 Porsche Cayenne; b) a 2009 Mercedes-Benz G55 AMG Sport Utility; and c) a 2008 Maserati Gran Turismo (Doc. No. 19; Schedule C).

24. The basis the Sintims cite for exemption for all three luxury vehicles is Texas Prop. Code §§ 42.001(a) and 42.002(a)(9).

25. However, Texas Prop. Code § 42.002(a)(9) only allows an exemption for one vehicle

per licensed household member. Since Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim are the only two members of their household, this means that only two of the luxury vehicles claimed have protection as exempt assets.

26.     The Sintims claim that the 2008 Maserati Gran Turismo (hereinafter the "Maserati") is their son's vehicle, since their "son made all of the payments." (Doc. No. 19; Schedule C). They value their portion of the Maserati as "zero."

27.     However, either Quincy Kwasi Aboagy Sintim and/or Shirley Mills Sintim co-signed on the Maserati and holds title jointly with their son. As such, it is an asset owned by Quincy Kwasi Aboagy Sintim and/or Shirley Mills Sintim.

28.     The Maserati should not be subject to exemption, since it falls outside the scope of exempt vehicles allowed per licensed household members under Texas Prop. Code § 42.002(a)(9).

29.     The Larsons' objection to the Sintims' claimed exemptions, with respect to the Sintims' luxury automobiles, should be sustained. The Sintims' claimed exemptions of the luxury automobiles should be denied as to any amount in excess of the limits imposed by Texas Prop. Code § 42.002(a)(9).

## PERSONAL PROPERTY CAP

30.     Further, the Sintims' claimed exemptions for the luxury vehicles should not be allowed pursuant to the personal property cap, which places an aggregate limit of $100,000 on personal property that may be claimed as exempt. Texas Prop. Code § 42.001(a)(1).

31.     Currently, the personal property that the Sintims claim as exempt totals $90,465. This is just shy of the personal property cap set forth in Texas Prop. Code § 42.001(a)(1). However, this total is with the Maserati valued at "zero."

32. Per the Kelly Blue Book website, a 2008 used Maserati Gran Turismo has a low-end value of $37,995. *See* Ex. B, a true and correct copy of which is attached hereto, at P. 2.

33. If the value of the Maserati was properly reflected in the Sintims' bankruptcy scheduled, the assets claimed as exempt amount to $128,460. This is well in excess of the $100,000 personal property cap allowed by Texas Prop. Code § 42.001(a)(1).

34. The Larsons' objection to the Sintims' claimed exemptions, with respect to the value of the Sintims' personal property, should be sustained. The Sintims' claimed exemptions of their personal property should be denied as to any amount in excess of the limits imposed by Texas Prop. Code § 42.001(a)(1).

WHEREFORE, Creditors, Brian Larson and Michele Larson, respectfully request that the Court sustain their objections to Debtors',Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim, exemptions and seek such other and further relief to which they may be justly entitled.

DATED: July 20, 2017

                                            Respectfully submitted,

                                            SHOWALTER LAW FIRM

                                            By: /s/ David W. Showalter
                                                  David W. Showalter
                                                  TBA# 18306500
                                                  SD ID 5703

                                            1117 FM 359, Suite 200
                                            Richmond, Texas 77406
                                            (281) 341-5577
                                            (281) 762-6872 (FAX)
                                            mail@showalterlaw.com

                                            ATTORNEY FOR CREDITORS
                                            BRIAN AND MICHELE LARSON

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on the parties listed on the attached service list by ECF filing, fax, e-mail, or first class mail on July 20, 2017.

                                                /s/ David W. Showalter
                                                David W. Showalter