United States Courts
Southern District of Texas
F I L E D

MAR 20 2020

David J. Bradley, Clerk of Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QUINCY KWASE ABOAGYE SINTIM, et al. | ) | CASE NO. 17-30896-H2 |
| | ) | |
| Debtors | ) | CHAPTER 7 |
| RODNEY D. TOW, TRUSTEE | ) | |
| | ) | |
| vs. | ) Adversary No. 18-03282 | |
| | ) | |
| QUINCY KWASE ABOAGYE SINTIM, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

### DEFENDANT GERD CREMER'S SPECIAL APPEARANCE, 12(b) MOTION(S) TO DISMISS, AND ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

**TO THE HONORABLE JUDGE FOR THIS COURT:**

**COMES NOW** Defendant, GERD CREMER (hereinafter "Cremer" and/or "Defendant Cremer"),

and files this Special Appearance, 12 (b)(2) Motion to Dismiss, and Answer (Subject to the Special

Appearance) to the Chapter 7 Trustee's Original Complaint and would show this Court as follows:

### I.
### SPECIAL APPEARANCE

Pursuant to Texas Rule of Civil Procedure 120a, Defendant CREMER files this Special

Appearance for the purpose of objecting to the jurisdiction of this Court over the Defendant, and

as grounds shows the following:

#### A.

This special appearance is made to the entire adversary proceeding.

#### B.

Moreover, this special appearance is filed prior to any motion to dismiss or any other plea,

pleading, or motion filed by the Defendant.

1

*18-03282. Cremer Special Appearance, Motion to Dismiss,*
*and Answer Subj. to Special Appearance*

### *C.*

Defendant CREMER asserts that this Court does not have and cannot assert jurisdiction over the Defendant. Defendant is not amenable to process issued by the courts of Texas as the:

1. Defendant is not a resident of Texas and is not required to maintain and does not maintain a registered agent for service in Texas.

2. Defendant does not maintain a place of business in Texas, does no business in Texas and has no employees or servants in Texas.

3. Defendant does not engage and has not engaged in any activities purposefully directed toward Texas, or committed any tort, in whole or in part, within Texas.

4. Defendant has never engaged in any continuous and systematic activities in Texas.

Therefore, there is no substantial connection between Defendant CREMER and the State of Texas, necessary for a finding of minimum contacts.

### *D.*

The court's exercise of this extraterritorial jurisdiction would impose unique burdens and hardships on Defendant CREMER, who lacks sufficient contacts with Texas. Indeed, travel—would be impossible for the Defendant—who is domiciled in Europe and unable to travel—due in large part to the regional, international and national restrictions related to Covid-19 (i.e. Coronavirus)

Accordingly, it would be unreasonable to require the Defendant defend himself in a foreign legal system within the State of Texas.

Indeed, the assumption of jurisdiction by the Court over this Defendant would offend traditional notions of fair play and substantial justice, depriving Defendant CREMER the right of due process as guaranteed by the Constitution of the United States.

2

Accordingly, the Court lacks personal jurisdiction over Defendant CREMER and CREMER requests the Court to grant his special appearance.

REQUEST FOR RELIEF

WHEREFORE, Defendant GERD CREMER requests the Court to grant his special appearance and dismiss the Chapter 7 Trustee's Complaint against him and, subject thereto, for all other relief to which he may be entitled.

**II.**
**RULE 12(b)(2) MOTION TO DISMISS**

Subject to the Special Appearance filed in this case, Defendant CREMER moves to dismiss the Chapter 7 Trustee's claims against him and would argue as follows:

*A.*
*Lack of Personal Jurisdiction—FRCP 12(b)(2)*

The Court lacks jurisdiction over Defendant CREMER as considered by and through Rule 12(b)(2) of the Federal Rules of Civil Procedure as Defendant is not amenable to process issued by this court. First and foremost, Defendant is a domiciliary and citizen of Germany and lacks those minimum contacts with the State of Texas necessary to be amenable to service of process, pursuant to Chapter 17 of the Texas Practice and Remedies Code.

Personal jurisdiction exists only if a defendant "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state and … the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Air Tropiques, Sprl. v. N&W Ins. Co. Ltd., 2014 WL 1323046 at *8 (S.D.Tex. 2014) (*quoting* Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008))

A defendant's specific purposeful contacts with the forum state are analyzed under two different theories, to wit: specific jurisdiction or general jurisdiction. *See*, Walden v. Fiore, 134

3

S.Ct. 1115, 1121 n.6 (2014). A court has specific jurisdiction when a plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum state. <u>Helicopteros Nacionales de Colobia, S.A. v. Hall</u>, 466 U.S. 408, 514 n.8 (1984).

A court has general jurisdiction when the defendant's affiliations with the forum state are so continuous and systematic as to render it essentially "at home" in the forum state. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 137-38 (2014). Additionally, a defendant can also be subject to a court's jurisdiction if he expressly consents to jurisdiction. <u>Burger King Corp. v. Rudzewiz</u>, 471 U.S. 462, 472 n. 14 (1985).

A plaintiff seeking to establish personal jurisdiction over a non-resident defendant has the burden to establish a prima facie basis for jurisdiction. <u>Johnson v. Multidata Sys. Int'l Corp</u>, 523 F.3d 602, 609 (5th Cir. 2008) *citing* <u>Wilson v. Belin</u>, 20 F.3d 644, 648 (5th Cir. 1994). On a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true. <u>Wilson</u>, 20 F.3d at 648. However, only well-pled facts in the plaintiff's complaint, as opposed to mere conclusory allegations, are considered by the Court. <u>Morgan v. Swanson</u>, 659 F.3d 359, 370 (5th Cir. 2011). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. <u>In re Azuriz Corp. Sec. Litig.</u>, 198 F.Supp. 2d 862, 877 (S.D. Tex. 2002). Further, the plaintiff's burden is greater in cases involving an alien defendant. <u>Glenn v. BP PLC (In re BP PLC Secs. Litg.)</u>, 202 U.S.Dist. LEXIS 92854 *31 (S.D.Tex. 2012); *see also*, <u>Asahi Metal Ind. Co. v. Super. Ct. of Cal., Solano Cty.</u>, 480 U.S. 102, 115 (1987) ("Great care and reserve should be exercised when extending [U.S.] notions of personal jurisdiction into the international field.").

     i.     <u>No allegations facts establishing a nexus between CREMER, this adversary proceeding, and the State of Texas</u>

In the instant matter, the Chapter 7 Trustee did not and cannot allege facts sufficient to establish personal jurisdiction over Defendant CREMER in this adversary action. *See*, <u>Alpine View Co. Ltd.</u>, 205 F.3d at 215. There are a handful of references to a "CREMER NOTE" and "CREMER DEED OF TRUST." In fact, there are no allegations in the Chapter 7 Trustee's complaint that indicate CREMER purposefully directing his activities toward Texas or assertions establishing the existence of any nexus between CREMER, the State of Texas and this litigation. *Id.* As such, the Chapter 7 Trustee has failed to establish that this Court has specific personal jurisdiction over CREMER.

ii.     No allegations facts establishing systematic and continuous contact between CREMER and the State of Texas

Moreover, as stated above, CREMER lacks any connection to the State of Texas. *See,* <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414, n.9 (1984)( "The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial.") CREMER does not have any employees or servants in Texas, does not have a registered agent in Texas, and does not transact or conduct business in Texas. In fact, CREMER does not have an address, a telephone number, financial accounts, or other substantial contact in the State of Texas. Indeed, there is a glaring lack of continuous, systematic, and substantial contacts with Texas. As such, the Chapter 7 Trustee has failed to establish that this Court has general personal jurisdiction over CREMER.

Additionally, CREMER's contacts are insufficient to satisfy the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. Thus, this Court's attempt to exercise jurisdiction over Defendant CREMER would deprive him of due process of law, as provided by the Constitution.

Finally, there is no evidence that CREMER expressly consented to the jurisdiction of this court. Indeed, CREMER has filed a Special Appearance, asking this court to dismiss the Chapter 7 Trustee's complaint against him for failure to show jurisdiction.

Accordingly, it is neither lawful nor appropriate for a court in Texas to exercise jurisdiction over the person of CREMER and this action, as to CREMER, should be dismissed pursuant to Rule 12(b)(2).

PRAYER FOR RELIEF

For these reasons, Defendant GERD CREMER requests that the Court set this motion for hearing, that after hearing, the Court grant this motion and dismiss the entire proceeding against Defendant GERD CREMER for want of jurisdiction.

**III.**
**DEFENDANT GERD CREMER'S ANSWER TO**
**CHAPTER 7 TRUSTEE'S ORIGINAL COMPLAINT (SUBJECT TO AND WITHOUT**
**WAIVING SPECIAL APPEARANCE)**

Subject to the Special Appearance filed herein and without waiving the same, and subject to the above Motion(s) to Dismiss, filed pursuant to FRCP Rule 12(b), Defendant GERD CREMER answers as follows:

1. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 1 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 1 are denied.

2. Defendant denies any implied allegation contained in paragraph 2 of the Chapter 7 Trustee's Complaint that he has done and/or is doing business in Texas sufficient to establish personal jurisdiction. Further, he denies that he may be properly served with process at the address provided.

*18-03282. Cremer Special Appearance, Motion to Dismiss,*
*and Answer Subj. to Special Appearance*

3.  Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 3 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 3 are denied.

4.  Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 4 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 4 are denied.

5.  Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 5 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 5 are denied.

6.  Defendant denies the allegation contained in paragraph 6 of the Chapter 7 Trustee's Complaint, relating to venue being proper as to Defendant CREMER, pursuant to the Texas Civil Practice and Remedies Code.

7.  Defendant denies the allegation contained in paragraph 7 of the Chapter 7 Trustee's Complaint, relating to jurisdiction being proper as to Defendant CREMER, pursuant to the Texas Civil Practice and Remedies Code.

8.  Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 8 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 8 are denied.

9.  Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 9 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 9 are denied.

10. Defendant acknowledges the existence of a "construction loan" but states that he is without sufficient knowledge to form a belief as to the veracity of the remaining allegations

7

contained in paragraph 10  of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 10 are denied.

11. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 11 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 11 are denied.

12. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 12 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 12 are denied.

13. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 13 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 13 are denied.

14. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 14 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 14 are denied.

15. Defendant acknowledges the existence of a "Cremer Deed of Trust" and "Cremer Note" but states that he is without sufficient knowledge to form a belief as to the veracity of the remaining allegations contained in paragraph 15 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 15 are denied.

16. Defendant acknowledges the existence of a debt owed to him by Defendant Quincy Sintim, but states that he without sufficient knowledge to form a belief as to the veracity of the remaining allegations contained in paragraph 16 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 16 are denied.

17. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 17 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 17 are denied.

18. Defendant acknowledges the existence of a debt owed to him by Defendant Quincy Sintim, but states that he is without sufficient knowledge to form a belief as to the veracity of the remaining allegations contained in paragraph 18 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 18 are denied.

19. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 19 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 19 are denied.

20. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 20 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 20 are denied.

21. Defendant acknowledges the existence of a "Cremer Deed of Trust" and "Cremer Note" but states that he is without sufficient knowledge to form a belief as to the veracity of the remaining allegations contained in paragraph 15 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 15 are denied.

22. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 22 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 22 are denied.

23. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph 23 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph 23 are denied.

24. Defendant states that he is without sufficient knowledge to form a belief as to the veracity of the allegations contained in paragraph(s) 24 of the Chapter 7 Trustee's Complaint and, therefore, the allegations of paragraph(s) 24 are denied.

25. To the extent that paragraph 25 of the Chapter 7 Trustee's Complaint requires a responsive pleading, Defendant CREMER denies that the Chapter 7 Trustee is entitled to prosecute his claims, particularly for attorneys' fees, against this Defendant as this Court is without jurisdiction over this Defendant.

26. To the extent that paragraph 26 of the Chapter 7 Trustee's Complaint requires a responsive pleading, Defendant CREMER denies that the Chapter 7 Trustee is entitled to prosecute his claims against this Defendant as this Court is without jurisdiction over this Defendant.

27. To the extent that paragraph 27of the Chapter 7 Trustee's Complaint requires a responsive pleading, Defendant CREMER denies that the Chapter 7 Trustee is entitled to prosecute his claims against this Defendant as this Court is without jurisdiction over this Defendant.

28. To the extent that paragraph 28 of the Chapter 7 Trustee's Complaint requires a responsive pleading, Defendant CREMER denies that the Chapter 7 Trustee is entitled to prosecute his claims against this Defendant as this Court is without jurisdiction over this Defendant.

29. To the extent that paragraph 29 of the Chapter 7 Trustee's Complaint requires a responsive pleading, Defendant CREMER denies that the Chapter 7 Trustee is entitled to prosecute his claims against this Defendant as this Court is without jurisdiction over this Defendant.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Defendant GERD CREMER prays that the Court dismiss the Chapter 7 Trustee's claims against this Defendant for want of jurisdiction, or

alternatively, that upon final hearing hereof, Chapter 7 Trustee take nothing of and from this

Defendant and that this Defendant go hence with its cost and such other and further relief to which

he may be entitled.

Respectfully submitted,

/s/ Martina E. Cartwright
Martina E. Cartwright
Texas Bar No. 00793475
P.O. Box 925551
Houston, Texas 77292-5551
Tel: (713) 927.1195
Fax: (832) 369.1763
martina@cartwrightlaw.net

## CERTFICATE OF SERVICE

I certify that, on March 20, 2020, a true and correct copy of the Defendant Gerd Cremer's Special Appearance, Motion To Dismiss, and Answer Subject to the Special Appearance was sent to all parties record via one of the following methods: facsimile, electronic mail, e-filing manager, U.S. Mail, hand-delivery, and/or Certified, Return Receipt Mail.

/s/ Martina E. Cartwright
Martina E. Cartwright
00793475