UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| QUINCY KWASI ABOAGYE SINTIM *et al*, | § | CASE NO. 17-30896-H2 |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

**MOTION OF CHAPTER 7 TRUSTEE PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND AGREED JUDGMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**To the Honorable Chief Judge Eduardo V. Rodriguez**:

Rodney D. Tow, as Chapter 7 Trustee (referred to either as the "Trustee" or "Tow") of the estate of Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim (hereinafter the "Debtors"), the Debtors, Gerd Cremer ("Cremer"), and Brian and Michele Larsens (the "Larsens" and collectively, the "Parties") mediated before Christopher Murray and entered into a Mediated Settlement Agreement, a copy of which is attached hereto as **Exhibit A** (the "Settlement"). The Trustee files this *Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry*

*of an Order Approving Settlement* (the "Motion"). In support of the Motion, the Trustee shows as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these matters according to 28 U.S.C. §§ 157 and 1334. This case is a core proceeding according to 28 U.S.C. § 157(b). The venue of this case in this district is proper according to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief in this Motion are sections 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

2. On February 9, 2017, the Debtors filed their voluntary petition proceeding under Chapter 7 of the Bankruptcy Code, case number 17-30896 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). The meeting of creditors was concluded on June 23, 2017.

3. The Debtors designated certain improved real property located at 16707 Southern Oaks Dr., Houston, Texas, 77068 ("Southern Oaks") as their homestead and elected Texas state exemptions. The Larsens are secured creditors of the Debtors and have filed a proof of claim in the amount of $1,890,083.54 secured by Southern Oaks. The Debtors also scheduled a secured claim in the amount of $2,000,000.00 to an individual residing in Germany, Gerd Cremer.

4. On July 20, 2017, the Larsens timely filed their objection to the Debtors' exemptions (the "Larsen Objection"), objecting to the Debtors' designation of Southern Oaks as its homestead, among other things.

5. On October 3, 2018, the Trustee filed his *Complaint to Avoid Fraudulent Transfer under §§ 544(b), 547, and 548* (the "Complaint") against the Debtors and Cremer, commencing

this instant adversary (the "Adversary"), seeking to avoid the secured claim of Cremer. On December 18, 2018, the Debtors filed their answer to the Complaint. Due to the geographic location of Cremer, the Bankruptcy Court approved substitute service on Cremer on February 19, 2020 [Docket No. 28]. On March 20, 2020, Cremer answered the Complaint by filing his *Special Appearance, 12(b) Motion(s) to Dismiss, and Original Answer Subject to Special Appearance* [Docket No. 82 of the Bankruptcy Case]. On April 28, 2022, the Debtors, the Trustee, and Cremer attended a mediation conducted by Judge Christopher M. Lopez but the parties were unable to reach an agreement without the participation of the Larsens.

6. The Debtors filed their *Motion to Dismiss Creditors', Brian and Michele Larson, Objection to Debtors' Claimed Exemptions* on May 5, 2023 [Docket No. 86 of the Bankruptcy Case]. After a series of hearings, the parties opted to mediate the issues relevant to the Adversary and the Bankruptcy Case before Christopher Murray on March 15, 2024 to come to a global resolution.

7. The Settlement Agreement is fairly straightforward and the principal provisions of the Settlement are as follows:

   a. Payments to the Trustee. The Debtors and Cremer (together, the "Defendants") will pay the Trustee $50,000.00 within 90 days after entry of an order approving the Settlement. The Defendants will pay an additional $50,000.00 within 180 days after the entry of an order approving the Settlement. The Defendants shall pay an additional $47,500.00 within one year after the entry of an order approving the Settlement.
   b. The Parties will enter into an agreed judgment which includes confirmation as to the validity of Cremer's lien on Southern Oaks, the release of the Larsens' judgment lien; and the withdrawal of the Larsen Objection, subject to the Larsen's right to payment from the Trustee in the event of default and the Debtors' compliance with the Order
   c. Default Provisions. In the event of default of payments under the Settlement, the Trustee may sell Southern Oaks free and clear of the liens held by Cremer and Larsen and less court approved closing costs including but not limited to property taxes, title policy fees, and real estate commissions; and the net proceeds of the sale will be disbursed as follows:

      i. $147,500 less any payment received by the Trustee under the Settlement Agreement;
     ii. Any amounts paid by Cremer under the Settlement Agreement to the Trustee will be reimbursed;
    iii. $180,000.00 to the Sintims, reflecting their homestead exemption amount; and then,
    iv. All remaining proceeds to be distributed pursuant to 11 U.S.C. § 726 to holders of allowed claims, including the allowed general claim of the Larsens.

8. The proposed settlement is anticipated to pay a partial distribution to unsecured creditors. It will also pay court approved administrative fees and expenses of the professionals[1] and Trustee in full. Additionally, the Larsens, whose claim represents in excess of 95% of the unsecured creditor pool, have approved this agreement. The Trustee therefore respectfully requests that the Court approve the proposed settlement.

## Arguments and Authorities

9. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise be "fair and equitable." *Id.* at 424. The term "fair and equitable" means that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d, 355 (5th Cir. 1997). To determine whether a settlement is "fair and equitable" and in the best interests of the estate, courts evaluate four factors:

    a. The probability of success in the litigation;

---

[1] As provided in the *Application of Rodney D. Tow, Chapter 7 Trustee, to Employ Corral Tran Singh, LLP as Special Counsel to the Trustee* [Docket No. 70] and *Order Granting Application to Employ Corral Tran Singh, LLP as Special Counsel for the Trustee* [Docket No. 73], special counsel to the Trustee has agreed not to receive any compensation from the Trustee or the estate as special counsel to the Trustee.

b.  The complexity and likely duration of the litigation and any attendant expense, inconvenience or delay, and possible problems collecting a judgment;

c.  The interest of creditors with proper deference to their reasonable views; and

d.  The extent to which the settlement is truly the product of an arm's length negotiation.

*In re Mirant,* 348 B.R. 739, 740 (Bankr. N.D. Tex. 2006).  In deciding whether to accept a compromise, the Trustee is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation. *In re Mailman Stream Carpet Cleaning Corp.*, 212 F. 3d 632 (1st Cir. 2000).  A court is not to substitute its own judgment for that of the Trustee, but rather to "canvass the issues" and determine whether the settlement "falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 609 (2d Cir. 1983).  Here, the Trustee believes the proposed Settlement satisfies the four factors established in *Cajun Electric* and the proposed compromise is fair, equitable, and reasonable given that anticipated administrative claims will be paid in full and some recovery is available to the general unsecured claimants.  The proposed settlement is therefore in the best interest of the estate's creditors.

10.  Although the Trustee is confident in the likelihood of success of prevailing on its Complaint, recovery for the estate is dependent on a determination of the Larsen Objection, which the Trustee is unable to ascertain whether the Bankruptcy Court would rule in favor of the Larsen Objection.  The cost element is relevant to the extent that expenses for additional professionals, such as an appraiser or auctioneer may be necessary, however, as compensation for the Trustee's special counsel is derived from the Larsens' recovery from the Debtors' estate, an evaluation of cost is not as important.  An evaluation of time is an important factor as while the Trustee believes

the merits of his Complaint are great, recovery for the estate will significantly decrease should the Defendants appeal any judgment in favor of the Trustee as Southern Oaks is encumbered by seven years of unpaid ad valorem liability and any further delay will further deplete value to the estate.

11. Additionally, given the age of the Debtors' case, the Trustee intends on filing a motion for interim distribution for the authority to make distributions to the creditors of the Debtors' estate on a rolling basis.

## Conclusion

12. Wherefore, the Trustee respectfully requests that the Court enter an order approving the Settlement and grant such other and further relief to which he may be entitled.

**TRAN SINGH LLP**

By: /s/Susan Tran Adams
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch Street
Houston Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: STran@ts-llp.com
BSingh@ts-llp.com

*Counsel for Rodney D. Tow, Chapter 7 Trustee*

**Certificate of Service**

      I hereby certify that on April 22, 2024, the following parties on the attached Service List were served a true and correct copy of the foregoing via U.S. First Class Mail.

                                                                                                      */s/Susan Tran Adams*
                                                                                                Susan Tran Adams

# EXHIBIT A - MEDIATED SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| QUINCY KWASI ABOAGYE SINTIM *et al*, DEBTORS. | § § § | CASE NO. 17-30896-H2 |
| | § | CHAPTER 7 |
| RODNEY D. TOW, TRUSTEE | § § | |
| v | § § | ADVERSARY NO. 18-03282 |
| QUINCY KWASI ABOAGYE SINTIM *et al*, DEFENDANTS. | § § § | |

**MEDIATED SETTLEMENT AGREEMENT**

On March 15, 2024, Plaintiffs Rodney D. Tow, Trustee and Brian and Michelle Larson and Defendants Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim and Gerd Cremer (collectively the "Parties") mediated Adversary Proceeding No. 18–03282 Tow v. Sintims et al and the Objection to Exemptions by Bryan and Michele Larsen filed in Chapter 7 Case No. 17-30896 and entered into the following binding settlement agreement:

- Defendants will pay $50,000 within 90 days after entry of the order approving settlement ("Entry Date"); and
- Defendants will pay an additional $50,000 within 180 days after the Entry Date; and
- Defendants will pay an additional $47,500 within 1 year after the Entry Date.
- The Parties will enter into an agreed judgment resolving all matters that includes:
    - Confirmation that Dr. Cremer's lien is valid;
    - Larsons judgment lien is released; and
    - Confirmation that the Sintims' exemptions are valid.

In the event of default in the foregoing payments, the Trustee may sell the house. The net proceeds of such sale will be disbursed as follows:

1. $147,500 less any payment amounts received by the Trustee pursuant to this agreement.
2. Any amounts paid by Dr. Cremer will be reimbursed to him.
3. $180,000 to the Sintims for their homestead exemption amount.
4. Any excess of the net sales proceeds will be paid to the Trustee on behalf of the bankruptcy estate.

Any and all additional claims between the Parties are released upon the Effective Date whether such claims have been asserted in either the Adversary Proceeding or the Bankruptcy Case.

**Agreed and Approved:**

_____
Brendon Singh, Attorney for Trustee
Rodney D. Tow and the Larsons

_____
Brian Larsen

Michele Larsen  BL
_____
Michele Larsen
by Brian Larsen on her behalf

_____
Rodney Tow, Trustee

_____
John Akard Jr., Attorney for Sintims

_____
Gary Riebschlager, Attorney for Sintims

_____
Martina Cartwright, Attorney for and with full authority to bind Dr. Gerd Cremer

_____
Quincy Sintim

_____
Shirley Sintim