UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| QUINCY KWASI ABOAGYE SINTIM *et al*, | § § | CASE NO. 17-30896-H2 |
| DEBTORS. | § | CHAPTER 7 |
| RODNEY D. TOW, TRUSTEE | § § § | |
| v | § § | ADVERSARY NO. 18-03282 |
| QUINCY KWASI ABOAGYE SINTIM *et al*, | § § § | |
| DEFENDANTS. | § | |

**ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

After consideration of the *Motion Pursuant to 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement and Agreed Judgment* (the "Motion") filed by Rodney D. Tow, Chapter 7 Trustee[1] (the "Trustee"), together with (i) the arguments and representations of counsel at the hearing on the Motion, (ii) all evidence submitted in connection with the Motion; (iii) all papers on file in this bankruptcy case; (iv) the evidence presented at the hearing on the Motion; and (v) the findings of fact and conclusions of law announced on the record at the hearing, if any, on the Motion, the Court, after due deliberation and good and sufficient cause appearing therefore, and having found and determined, among other things, that the terms of the Compromise and Settlement Agreement and Release of All Claims (the "Settlement Agreement") attached to the Motion and hereto as **Exhibit A**, and after finding that proper and sufficient notice

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed in the Motion.

of the Motion has been given, and it appearing that no other or further notice need be given, hereby GRANTS the Motion. Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED** for the reasons set forth therein; and it is further

**ORDERED** that all objections, responses and/or reservation of rights, if any, to the Motion, the relief requested therein and approval of the Settlement Agreement that have not been resolved, withdrawn, waived or settled, are overruled on the merits; and it is further

**ORDERED** that pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached as **Exhibit A** to the Motion is hereby approved in all respects; and it is further

**ORDERED** this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

**ORDERED** that this Order shall be effective immediately upon its entry; it is further

**ORDERED** that the Trustee be entitled to make interim distributions to creditors of the Debtors estate upon receipt of payments under the Settlement Agreement; and it is further

**ORDERED** this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Reserved for Judge's Signature

**Agreed to as to form and substance:**


**TRAN SINGH LLP**

By: <u>/s/Susan Tran Adams</u>
    Susan Tran | TBN: 24075648
    Brendon Singh | TBN: 24075646
    2502 La Branch Street
    Houston, Texas 77004
    Ph: (832) 975-7300
    Fax: (832) 975-7301
    Email: STran@ts-llp.com
          BSingh@ts-llp.com


    *Counsel for the Chapter 7 Trustee and*
    *co-counsel for Brian and Michele Larsen*

    -and-

**COPLEN & BANKS, P.C.**

By: <u>/s/John Akard, Jr.</u>
    John Akard, Jr.| TBN: 00790212
    11111 McCracken Cir Ste A
    Cypress, Texas 77429
    Ph: (832) 237-8600
    Email: STran@ts-llp.com

**THE RIEBSCHLAGER LAW FIRM**

    Gary M. Riebschlager.| TBN: 16902200
    508 S Summit St
    Weimar, Texas 78962
    Tel: (713) 343-8893
    Email: Gary@riebschlagerlaw.com
    *Counsel for the Debtors*

    -and-

**SHOWALTER, COLGIN & DAVIS, PLLC**


By: <u>/s/David Showalter</u>

David W. Showalter TBN: 18306500
1117 FM 359 Rd Ste 200
Richmond, Texas 77406
Ph: (281) 341-5577
Email: David@scdlawpllc.com

-and-

**BC LAW GROUP, PLLC**

/s/ *Martin E. Cartwright*

_____

Martina E. Cartwright; TBN: 00793475
BC Law Group, PLLC
1923 Blodgett Street
Houston, Texas 77004
Tel: (713) 927-1195
Fax: (713) 983-4661
Email: martina@cartwrightlaw.net
Secondary email:
martina@bclawhtx.com

*Counsel for Gerd Cremer*

**Exhibit A – Compromise and Settlement Agreement and Release of All Claims**

# COMPROMISE SETTLEMENT AGREEMENT
# AND RELEASE OF ALL CLAIMS

This **COMPROMISE SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS** is made and entered into on the date below, by and between Rodney D. Tow, Brian and Michele Larsen, Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim and Gerd Cremer.

## I. DEFINITIONS

For purposes of this Settlement Agreement, the following definitions shall apply:

a. ***"Bankruptcy Case"***—the Chapter 7 bankruptcy case filed under Case Number 17-30896 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

b. ***"Bankruptcy Estate"***—the estate created in the Bankruptcy Case.

c. ***"Chapter 7 Trustee"***—Rodney Tow is the duly appointed trustee of the Bankruptcy Case.

d. ***"Complaint."*** The *Complaint to Avoid Fraudulent Transfer under §§ 544(B), 547, and 548* under Adversary Proceeding 18-03282 *Tow v. Sintim et al.* filed in the United States Bankruptcy Court for the Southern District of Texas on October 3, 2018.

e. ***"Cremer"***—Gerd Cremer who is a creditor in the Bankruptcy Case.

f. ***"Cremer Claim"***—Cremer did not file a proof of claim in the Bankruptcy Case but was listed, by the Sintims, as a secured creditor in Schedule D of the schedules filed at Document No. 19, page 15 of 70 in the Bankruptcy Case.

g. ***"Cremer Lien"***—the lien securing the Cremer Claim as scheduled by the Sintims in the Bankruptcy Case. The Cremer Lien is subject to and subordinate to this Settlement Agreement.

h. ***"Effective Date."*** The entry date of the order approving this Settlement Agreement.

1

i. ***"Larsens"***—Brian and Michele Larsen who are creditors of the Bankruptcy Case.

j. ***"Larsen Claim"***-- Claim Number 10 filed in the Bankruptcy Case on July 10, 2017.

k. "***Larsen Abstract***"—The Abstract of Judgment filed in the Deed Records of Harris County, Texas at document numbers 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 and 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.  A copy of the Larsen Abstract is attached to the Larsen Claim.

l. ***"Larsen Objection."***  The objection to exemptions titled *Creditors', Brian and Michele Larsen, Objection to Debtors' Claimed Exemptions* filed on July 20, 2017 at Document Number 43 in the Bankruptcy Case.

m. ***"Net Proceeds"***—proceeds from the sale of Southern Oaks after deducting all closing costs, including property taxes.

n. ***"Parties"***-- refers collectively to the Larsens, Cremer, the Sintims, and the Chapter 7 Trustee.

o. ***"Party"***—refers individually to the Larsens, Cremer, the Sintims, or the Chapter 7 Trustee.

p. ***"Releases."***  The releases by the Chapter 7 Trustee and the Larsens provided in Paragraph 2 as to the Larsen Objection and the Complaint.  The Releases are to be effective upon the completion of Timely payments of the Settlement Amount.

q. ***"Settlement Agreement"***—this Compromise and Settlement Agreement and Release of All Claims.

r. ***"Settlement Amount."*** One Hundred Forty-Seven Thousand Five Hundred Dollars ($147,500.00).

s. ***"Settlement Installment Payments"***:

    a. <u>First Settlement Installment Payment</u>.  Fifty Thousand Dollars ($50,000.00) to be paid with a due date of ninety (90) days after the Effective Date.

2

      b. <u>Second Settlement Installment Payment.</u>  An additional Fifty Thousand Dollars ($50,000.00) to be paid with a due date of one hundred eighty (180) days after the Effective Date.

      c. <u>Third Settlement Installment Payment.</u>  An additional Forty-Seven Five Hundred Dollars ($47,500.00) to be paid with a due date of one year of the Effective Date.

t.    **"Sintims"--** Quincy Kwasi Aboagye Sintim and Shirley Mills Sintim, the Debtors in the Bankruptcy Case.

u.    **"Southern Oaks."** Improved real property with the legal description Lot 9, in Block 2 of Phase 1 Par R/P of the Estates of Northgate Forrest, according to the Map or Plat thereof Recorded in the Map Records of Harris County, Texas commonly known as 16707 Southern Oaks Dr., Houston, Texas, 77068.

v.    **"Timely"**—when used with respect to the Settlement Installment Payments, shall mean the receipt, on or before the due date, by Tran Singh LLP, 2502 La Branch Street, Houston, Texas, 77004.

## RECITALS

**WHEREAS,** the Sintims filed a voluntary petition in the Bankruptcy Case on February 9, 2017.

**WHEREAS**, the Cremer Claim was listed in Schedule D with an amount of $400,000.00. Schedule D shows the Cremer Claim is secured by Southern Oaks;

**WHEREAS**, the Larsens are judgment creditors of the Sintims. The Larsen Claim is filed in the amount of $1,890,083.54 with $462,651.32 secured by the Larsen Abstract.

**WHEREAS,** the Larsens filed the Larsen Objection.

**WHEREAS,** the Chapter 7 Trustee filed his Complaint against the Sintims and Cremer seeking to avoid the Cremer Claim;

**WHEREAS**, the Parties attended a mediation before Christopher Murray on March 15, 2024 seeking a global resolution as to the Complaint and the Larsen Objection; and

**WHEREAS,** the Parties desire to avoid the uncertainty, inconvenience, and expense of further litigation, and enter into this Settlement Agreement; and

**NOW, THEREFORE,** in consideration of the covenants, releases, agreements, and mutual promises contained herein, including the recitals set forth above, the Parties agree as follows:

## AGREEMENT AND MUTUAL RELEASE
### II.   RELEASES AND AGREEMENT

2.1.   *Releases*.  After the Timely completion of payment of the Settlement Amount and for the consideration of the Timely payments of the Settlement Amount, the promises set forth herein and the relinquishment of all legal rights regarding any claims arising out of or which arose or could have arisen out of the Larsen Objection, Larsen Judgment, Larsen Abstract and Complaint, the Chapter 7 Trustee and the Larsens, release, acquit, and forever discharge the Sintims and Cremer from any and all claims or causes of action which the Chapter 7 Trustee and the Larsens have asserted or could have asserted against the Sintims and Cremer arising from, relating to, or attributable to the Larsen Objection, Larsen Judgment, Larsen Abstract and the Complaint, whether known or unknown.  The Release shall be effective upon the completion of Timely payments of the Settlement Amount.

2.2.   *Release of Larsen Judgment and Larsen Abstract*.  Pursuant to the Release in paragraph 2.1 the Larsens release any and all claims they have through and under the Larsen

4

Judgment and agree to execute any documents necessary to give effect to the Release. Further, the Larsens will file a release of any and all liens they may have on Southern Oaks with the real property records within ten days after the Effective Date.

2.3. *Validity of Cremer Claim*. The Parties hereby agree and stipulate that the Cremer Claim is secured by Southern Oaks. The Cremer Claim and Cremer Lien are subject to and subordinate to the Settlement Agreement.

2.3. *Maintenance.* The Sintims shall maintain Southern Oaks in good condition. The Sintims shall maintain adequate insurance on Southern Oaks naming the Bankruptcy Estate as loss payee. The Sintims shall permit reasonable inspection by the Chapter 7 Trustee at mutually agreeable times until the earlier of the completion of Settlement Installment Payments under the Settlement Agreement or sale of Southern Oaks by the Chapter 7 Trustee.

### III.   PAYMENT

3.1   *Total Settlement Amount.* In consideration for the Releases, the Sintims and Cremer shall Timely pay the Settlement Installment Payments to the Chapter 7 Trustee. Settlement Installment Payments shall be Timely paid by wire transfer or cashiers check sent to c/o Tran Singh LLP, 2502 La Branch Street, Houston, Texas, 77004, counsel for the Chapter 7 Trustee with the Settlement Amount being paid in the following installments

3.2   *Source of Payments.* Upon tendering the Settlement Installment Payments to the Chapter 7 Trustee, or any payment to the Chapter 7 Trustee under the Settlement Agreement, counsel for the Sintims and/or counsel for Cremer shall notify counsel for Chapter 7 Trustee via electronic mail at Stran@ts-llp.com of the source of payment (Sintims or Cremer) and portion of the payment allocated between the Sintims and Cremer, if applicable. Cremer agrees to tender the first ninety-five thousand ($95,000.00) towards the Settlement Amount, with the remainder to be paid by the Sintims.

3.3. *Satisfaction*. Upon the completion of Timely payment of the Settlement Amount, the Chapter 7 Trustee shall file a notice in the Bankruptcy Case confirming receipt of full payment of the Settlement Amount and the effectiveness of the Releases contained in Paragraph 2 of the Settlement Agreement.

## IV. DEFAULT

4.1 *Event of Default*. Default under the Settlement Agreement shall be defined as a default of Timely payment of the Settlement Agreement including the failure to Timely tender any of the Settlement Installment Payments within the time periods specified in Section 3 of the Settlement Agreement.

4.2 *Post-Default*. Upon an Event of Default of this Settlement Agreement, in utilizing his business judgment, the Chapter 7 Trustee may seek Court authorization to sell Southern Oaks. If the Trustee sells Southern Oaks, such sale will be conducted free and clear of the liens secured by the Cremer Claim and Larsen Abstract with the Net Proceeds of the sale of Southern Oaks to be distributed in strict accordance with the following, to the extent funds are available:

  i. First, One Hundred Forty-Seven Thousand Five Hundred Dollars ($147,500.00) to be paid to the Chapter 7 Trustee, less any payment previously received by the Trustee under the Settlement Agreement;

  ii. Second, any Settlement Installment Payments paid by Cremer shall be reimbursed to Cremer from the Net Proceeds;

  iii. Third, One Hundred Eighty Thousand ($180,000.00) from the Net Proceeds to the Sintims, reflecting their homestead exemption amount; and

6

iv. Fourth, all remaining Net Proceeds, will be paid to the Trustee on behalf of the bankruptcy estate to be distributed pursuant to 11 U.S.C. § 726, including the allowed general unsecured claim of the Larsens.

4.3  *Time of the Essence*. The failure to Timely tender any of the Settlement Installment Payments is an event of default under the Settlement Agreement allowing the Chapter 7 Trustee to immediately pursue Post-Default procedures outlined in Paragraph 4.2 of the Settlement Agreement.

## V.  NO ADMISSION OF LIABILITY

5.1  This Settlement Agreement has been undertaken by the Parties to avoid the costs and uncertainty of litigation, and it does not constitute or imply any admission of liability of any kind or character by the Sintims or Cremer, but to the contrary, liability is expressly denied.

## VI.  REPRESENTATIONS AND WARRANTIES

6.1  The Parties have been advised of their legal rights by attorneys of their own choice and selection and all Parties to this Settlement Agreement represent and warrant that they have made a full and complete investigation of their respective rights in this matter.

6.2  The Parties acknowledge that this Settlement Agreement is being made by free choice and without being induced to do so in any way by any statement to them by the other Parties or anyone acting on their behalf and that they have not relied upon any statement, promise, or representation pertaining to this matter made by any person, firm, organization, entity, party, attorney, or corporation who are hereby released herein.

6.3  The Sintims, Larsens, and Cremer represent and warrant that no other person or entity has or ever had any interest in the actual or potential claims, demands, obligations, or causes of action referred to in this Settlement Agreement; that prior to the date on which this Settlement

Agreement is executed, they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the actual or potential claims, demands, or obligations referred to in this Settlement Agreement.

6.4    The Parties have read this Settlement Agreement in its entirety and fully understand its content and effect and understand that the statements and representations contained herein are to be considered contractual in nature and not mere recitations of fact.

6.5    The Parties agree that this Settlement Agreement shall be binding upon their successors, assigns, administrators, heirs, and legal representatives forever.

6.6    The Parties fully understand, agree, and warrant that each Party will pay each item of its own expense, including attorneys' fees, incurred in the past or which might be incurred in relation to this Settlement Agreement.

6.7    This Settlement Agreement is subject to Bankruptcy Court approval.

## VII.    ENTIRE AGREEMENT

This Settlement Agreement constitutes the entire understanding and agreement of the Parties and supersedes any prior understandings and agreements with respect to the subject matter hereof. There are no representations, agreements, arrangements, or understandings, oral or written, concerning the subject matter hereof between the Parties, which are not fully expressed or incorporated by reference herein.

## VIII.    MODIFICATION IN WRITING

This Settlement Agreement may not be amended or modified except in writing, signed by the party or parties to be bound thereby, or signed by their respective attorneys of record, as authorized.

## IX.    GOVERNING LAW

This Settlement Agreement shall be interpreted, construed, and enforced, and its construction and performance shall be governed by the laws of the State of Texas with venue of any action associated with this Settlement Agreement to be filed in the Bankruptcy Court for the Southern District of Texas, Houston Division.

## X.     MUTUAL DRAFTING

The Parties agree that they and/or their attorneys had substantial input into the drafting of this Settlement Agreement, and, as a result, the Settlement Agreement's terms should not be construed against any specific Party but shall be considered as a joint drafting of this document by all.

## XI.     EXECUTION

This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same instrument, and electronic or fax signatures are valid and binding as if original signatures.

[Signature Page Follows]

Agreed and Approved by:

*/s/Brendon Singh*
Brendon Singh
Counsel for Rodney D. Tow
and Brian and Michele Larsen


*/s/Rodney D. Tow*
Rodney D. Tow
Chapter 7 Trustee


*/s/Brian Larsen*
Brian Larsen


*/s/Michele Larsen*
Michele Larsen


*/s/John Akard, Jr.*
John Akard, Jr.
Counsel for Sintims


*/s/Gary Riebschalger*
Gary Riebschlager
Counsel for Sintims


*/s/Martina Cartwright*
Martina Cartwright
Counsel for Gerd Cremer

*/s/Gerd Cremer*
Gerd Cremer

*/s/Quincy Kwasi Aboagye Sintim*
Quincy Kwasi Aboagye Sintim

*/s/Shirley Mills Sintim*
Shirley Mills Sintim